**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL ALAS and ANA MARIA DIAZ, | No. 08-74577 |
| Petitioners, | Agency Nos.    A029-318-674<br>A073-949-521 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT and THOMAS, Circuit Judges.

Substantial evidence supports the conclusion of the Board of Immigration

Appeals ("BIA") that petitioners are statutorily ineligible for relief under § 203 of

the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub.

L. No. 105-100, Title II, 111 Stat. 2160, 2193-2201 (1997), *as amended by* Pub. L.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

No. 105-139, 111 Stat. 2644, 2644-45 (1997), under NACARA's "persecutor bar," which precludes special rule cancellation for individuals who "ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1240.66(a); 8 U.S.C. § 1231(b)(3)(B)(i).

Although Alas did not directly participate in physical acts of torture or murder, substantial evidence supports the BIA's conclusion that his conduct was material, not merely tangential, to the persecution. *See Miranda Alvarado v. Gonzales*, 449 F.3d 915, 928 (9th Cir. 2006) (applying persecutor bar to alien who did not participate in physical acts of torture, but materially assisted by translating during interrogation sessions).

Thus, contrary to petitioners' assertions, the BIA properly relied on Alas's individual actions during his service in the Salvadoran National Guard, not his "mere membership" in that organization, to determine that he materially assisted in the persecution of suspected Communist guerrillas. *See id.* at 926-27; *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252 (9th Cir. 2004). Further, substantial evidence supports the BIA's finding that the persecution in which Alas assisted was on account of political opinion.

2

Nor, as petitioners contend, does the existence of armed conflict preclude application of the persecutor bar. Although persecution does not include harm inherent in armed conflict, "torturing individuals selected for their affiliation with an opposition group is not inherent in armed conflict." *Miranda Alvarado*, 449 F.3d at 932. The BIA properly considered the evidence in context, and substantial evidence supports its conclusion that Alas's individual actions warranted application of the persecutor bar.

**PETITION DENIED.**

3